IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

ALVIN BROOKS,
    Plaintiff,

v.                                                                          Civil No. 3:19cv782 (DJN)

BROOK SWEENEY,
    Defendant.

**MEMORANDUM OPINION**

On October 23, 2019, Plaintiff Alvin Brooks ("Brooks" or "Plaintiff"), a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action. (ECF No. 1.) The action proceeds on the Second Particularized Complaint. (ECF No. 22.) The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. As discussed below, Plaintiff's claims and the action will be dismissed for failure to state a claim.

**I.     BACKGROUND**

On April 22, 2020, the Court entered a Memorandum Order directing Plaintiff to file a particularized complaint. (ECF No. 19.) The Court explained as follows:

> In order to state a viable claim under 42 U.S.C. § 1983,[1] a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See*

---

[1]     That statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

> *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Courts must liberally construe *pro se* civil rights complaints in order to address constitutional deprivations. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Nevertheless, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Plaintiff does not identify the particular constitutional right that was violated by the defendants' conduct. Plaintiff's current allegations also fail to provide each defendant with fair notice of the facts and legal basis upon which his or her liability rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

(*Id.* at 1–2.) Accordingly, the Court directed Plaintiff to follow a particularized complaint that complied with the following directives:

> a. At the very top of the particularized pleading, Plaintiff is directed to place the following caption in all capital letters "PARTICULARIZED COMPLAINT FOR CIVIL ACTION NUMBER 3:19CV782."
>
> b. The first paragraph of the particularized pleading must contain a list of defendants. Thereafter, in the body of the particularized complaint, Plaintiff must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to his claims for relief. Thereafter, in separately captioned sections, Plaintiff must clearly identify each civil right violated. Under each section, the Plaintiff must list each defendant purportedly liable under that legal theory and explain why he believes each defendant is liable to him. Such explanation should reference the specific numbered factual paragraphs in the body of the particularized complaint that support that assertion. Plaintiff shall also include a prayer for relief.
>
> c. The particularized pleading will supplant the prior complaints. The particularized pleading must stand or fall of its own accord. Plaintiff may not reference statements in the prior complaints.
>
> **<u>FAILURE TO COMPLY WITH THE FOREGOING DIRECTIONS WILL RESULT IN DISMISSAL OF THE ACTION.</u>** *See* Fed. R. Civ. P. 41(b).

(*Id.* at 2 (emphasis in original).) On May 18, 2020, the Court received Brooks's Particularized Complaint. (ECF No. 20.) However, Brooks failed to comply with the Court's directions.

Accordingly, by Memorandum Order entered on June 1, 2020, the Court noted: "The Particularized Complaint is a mere nine lines and lacks basic factual information and allegations that were included in the original complaint. Once again, Plaintiff's current allegations fail to provide each defendant with fair notice of the facts and legal basis upon which his or her liability rests. The Court will allow Plaintiff one more opportunity to file a particularized complaint." (ECF No. 21, at 2.) The Court directed Brooks to file a second particularized complaint and added that, "[u]nder each section, the Plaintiff must list each defendant purportedly liable under that legal theory and explain why he believes each defendant is liable to him. This means Plaintiff must provide sufficient facts for the Court to understand why he believes the Defendant's conduct violates his constitutional rights." (*Id.* at 3 (emphasis in original).)

On June 15, 2020, Brooks filed a Second Particularized Complaint. (ECF No. 22.) The Second Particularized Complaint remains terse and conclusory. Brooks states as follows:[2]

> Comes now Alvin Brooks herein referred to as Plaintiff seeking monetary damages upon the above-styled Defendant (Brook Sweeney) who purportedly violated Plaintiff's constitutional rights of Equal Protection and Due Process governed by the 14th Amendment of the United States Constitution.
> 1) Applying the Fed. R. Civ. P 41(b), Plaintiff is submitting above-styled Particularized Complaint.
> 2) Plaintiff is aggrieved of his 8th (Eighth Amendment) constitutional right wherein the Defendant performed a deliberate indifference when he, Brook Sweeney, failed to release Plaintiff in a timely manner. This issue was cruel and unusual punishment since the protocol for handling a "Drunk in Public," situation is to allow the individual to remain in custody until he sobers up. In the particular, that process usually takes eight hours.
> 3) The Defendant, Brook Sweeney, also failed to allow Plaintiff a phone call to notify his love[d] ones of his whereabouts as well as the unfortunate incident of being arrested. Furthermore, the Defendant denied Plaintiff medical treatment by refusing to notify the nurse that I was having heart conditions.
> That fact of being denied to be released once I was sober was a violation of 14th as well as 8th (Eighth) Amendment constitutional rights. Due Process and Equal Protection and Cruel and Unusual Punishment. Plaintiff contends he stayed

---

[2] The Court corrects the capitalization, spelling, spacing, and punctuation in the quotations from the Second Particularized Complaint.

in lock up for (21) twenty-one hours without medical treatment or phone to the outside.

(*Id.* at 1–3.) Brooks requests $250,000 in damages. (*Id.*) The Court construes Brooks to allege the following claims:

> Claim One: Defendant Sweeney violated Brooks's right to Equal Protection[3] when he held him for twenty-one hours after a drunk in public arrest.
>
> Claim Two: Defendant Sweeney violated Brooks's right to Due Process[4] when he held him for twenty-one hours after a drunk in public arrest and without allowing him to call his family.
>
> Claim Three: Defendant Sweeney violated Brooks's Fourteenth Amendment rights[5] when:
> (a) he held Brooks for twenty-one hours without a phone call; and,
> (b) he "denied Plaintiff medical treatment by refusing to notify the nurse that I was having heart conditions." (*Id.* at 2.)

## II. STANDARD OF REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA"), this Court must dismiss any action filed by a prisoner if the Court determines that the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A (providing standard for reviewing prisoner complaints). The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v.*

---

[3] "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

[4] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

[5] Although, Brooks brings his claim under the Eighth Amendment, because it appears that he was a detainee at the time, his claim for cruel and unusual punishment falls under the Fourteenth Amendment, as explained in more detail in Part III.C.

4

*Williams*, 490 U.S. 319, 327 (1989)). The second standard borrows the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, the Court takes a plaintiff's well-pleaded allegations as true and views the complaint in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' that serves to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). For

a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (warning against requiring "district courts to assume the role of advocate for the *pro se* plaintiff") (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

#### A. Equal Protection

"The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). To state an equal protection claim, Brooks must allege: (1) that he and a comparator inmate were treated differently and were similarly situated; and (2) that the different treatment resulted from discrimination. *See Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (explaining elements of an equal protection claim) (citation omitted). At most, Brooks states that generally, inmates who have been arrested for drunk in public stay locked up for eight hours, but he was held for twenty-one hours. Brooks fails to identify a similarly situated comparator inmate that received different treatment. Brooks also fails to allege facts indicating that holding him for twenty-one hours resulted from

6

discrimination. Accordingly, Brooks fails to state a plausible equal protection claim and Claim One will be DISMISSED for failure to state a claim.

**B.     Due Process**

The Due Process Clause applies when government action deprives an individual of a legitimate liberty or property interest. *Bd. of Regents of State Colls. v. Roth,* 408 U.S. 564, 569–70 (1972). Thus, the first step in analyzing a procedural due process claim is to identify whether the alleged conduct affects a protected liberty or property interest. *Beverati v. Smith,* 120 F.3d 500, 502 (4th Cir. 1997) (citations omitted).

Brooks contends that "[t]he fact of being denied the right to be released once I was sober was a violation of . . . due process." (ECF No. 22, at 2.) Presumably, Brooks believes that he had a protected liberty interest in being released from jail when he sobered up, which he claims, "usually takes eight hours." (ECF No. 22, at 2.) Brooks, instead, was held for twenty-one hours.[6] Brooks also suggests that he had a due process right to call his family.

"Detaining a person intoxicated in a public place and confining him overnight until sober does not deprive [a] person of a constitutional right." *Halvorsen v. Baird,* 146 F.3d 680, 687 (9th Cir. 1998) (citing *Powell v. State of Tex.,* 392 U.S. 514, 532 (1968); *Church v. City of Huntsville,* 30 F.3d 1332, 1346 (11th Cir. 1994)). To prevail on this claim, Brooks must allege facts indicating that he had a protected liberty interest under Virginia law in being released earlier than the twenty-one hours he was held and to call his family. *See Beverati,* 120 F.3d at 502 (framing first step in due process analysis as whether plaintiffs possessed a protected liberty interest). To

---

[6]     In his original Complaint, although very hard to read, Brooks indicates that after sleeping for six to eight hours, Defendant Sweeney woke Brooks up and "breathealize[d [him] again," and indicated that Brooks was four times over the legal limit. (ECF No. 1, at 5.) Brooks indicates that Defendant Sweeney told him to sleep it off, and ultimately, Brooks was released at 11 a.m. on a Sunday morning. (*Id.* at 5–6.)

7

have a protectible liberty or property right, "a person must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Bd. of Regents of State Colls*, 408 U.S. at 577; *see Kentucky Dep't. of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) ("The types of interests that constitute 'liberty' and 'property' for Fourteenth Amendment purposes are not unlimited."). Brooks fails to identify a state regulation or statute that creates the right to be detained only for a set amount of time for being drunk in public or that creates a right to call his family. At most, Brooks's contention that he should have been released at around eight hours or that he should have been permitted to call his family appear to be Brooks's desires or expectations, not entitlements under Virginia law. Brooks's desires or expectations standing alone do not suffice to allege a protected interest. *See Kentucky Dep't of Corr.*, 490 U.S, at 460 (explaining that the interest "must be based on more than 'a unilateral hope'"). Moreover, Brooks also does not allege facts indicating that Defendant Sweeney knew or should have known that Brooks was entitled to release at a certain time and a phone call. Therefore, Brooks fails to allege facts that would satisfy the threshold showing for a due process claim. Thus, Brooks fails to allege facts indicating that Defendant Sweeney violated his due process rights. Accordingly, Claim Two will be DISMISSED WITHOUT PREJUDICE for failure to state a claim.

### C.     Cruel and Unusual Punishment

To the extent that Brooks seeks to bring a constitutional claim for the infliction of cruel and unusual punishment by Defendant Sweeney, as a detainee, the Fourteenth Amendment governs such a claim. *See Goodman v. Barber*, 539 F. App'x 87, 89 (4th Cir. 2013) (noting that the Fourth Amendment governs claims of excessive force by officers effectuating an arrest and seizure while the Fourteenth governs claims by a detainee) (citation omitted). "Due process

requires that a pretrial detainee not be punished." *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *see Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988).[7] "[N]ot every inconvenience encountered during pretrial detention amounts to 'punishment' in the constitutional sense." *Martin*, 849 F.2d at 870 (citation omitted). Under the Fourteenth Amendment standard, to establish that a particular condition or restriction of his detention "is constitutionally impermissible 'punishment,' the pretrial detainee must show either it was (1) imposed with an expressed intent to punish or (2) not reasonably related to a legitimate nonpunitive governmental objective . . . ." *Id.* (citation omitted); *see Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473–74 (2015) (citation omitted) (explaining that a detainee may prevail by "providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose"). "[I]f a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'" *Bell*, 441 U.S. at 539.

The relevant precedent teaches that "punishment, whether for a convicted inmate or a pretrial detainee, is the product of intentional action, or intentional inaction, respecting known and *substantial* risks of harm." *Westmoreland v. Brown*, 883 F. Supp. 67, 72 (E.D. Va. 1995) (citing *Farmer v. Brennan*, 511 U.S. 825, 837–38 (1994)). Additionally, "a particular condition constitutes punishment only where it *causes* physical or mental injury." *Id.* at 76. Thus, "[t]o successfully assert a claim of punishment without due process under the Fourteenth Amendment,

---

[7] The Fourth Circuit has explained that this right "derives from the Due Process Clause of the Fourteenth Amendment, which protects such detainees from punishment 'prior to an adjudication of guilt in accordance with due process of law.'" *Williamson v. Stirling*, 912 F.3d 154, 174 (4th Cir. 2018) (quoting *Bell*, 441 U.S. 535 n.16). Claims that challenge general conditions of confinement are brought as a violation of substantive due process and the "controlling inquiry for such a claim" is whether the conditions amount to "punishment." *Id.* at 175 (citations omitted).

9

an inmate must assert not only that the defendant[] w[as] deliberately indifferent to the substantial risk of harm posed by [the challenged condition], but also that this deliberate indifference *caused* a physical or emotional injury." *Id.* "There is, of course, a *de minimis* level of imposition with which the Constitution is not concerned." *Bell* 441 U.S. at 539 n.21 (citation omitted) (internal quotation marks omitted). The law does not require police officers to provide comfortable conditions of detention for pretrial detainees. *Cf. Tesch v. Cty. of Green Lake*, 157 F.3d 465, 476 (7th Cir. 1998) (explaining that "[c]orrectional officials are not required to provide comfortable jails" for pretrial detainees). Instead, the short-term limitation of various freedoms and privileges "are simply part of the general level of discomfort anyone can expect to experience while in custody." *Id.*

With regard to his general claim of unlawful detention in Claim Three (a), Brooks fails to allege facts indicating that Defendant Sweeney's conduct constituted punishment. Brooks fails to allege facts that would suggest that detaining him for twenty-one hours for a drunk in public arrest, without allowing him to call his family, was objectively unreasonable. Moreover, Brooks fails to assert facts indicating that the Defendant Sweeney held him with the expressed intent to punish. *See Martin*, 849 F.2d at 870 (requiring pretrial detainee to show an intent to punish). Rather, Brooks indicates that Sweeney detained him for being drunk in public and he was presumably intoxicated during the time. Defendant Sweeney's action in detaining Brooks was reasonably related to the legitimate police objective of holding an intoxicated person until they are no longer intoxicated. *See* Va. Code Ann. § 18.2–388 (West 2020) (criminalizing intoxication in public as a Class Four misdemeanor); Va. Code Ann. § 19.2–74 (West 2020) (permitting officer to detain those "likely to cause harm to himself or to any other person" until sober); *Mobley v. City of Chesapeake*, 2006 WL 4738661, at *6–7 (E.D. Va. Aug. 30, 2006)

10

(explaining that "Virginia Code § 19.2–74(A)(2) specifically excludes from its coverage the offense of public drunkenness. Because of their boisterous nature, the police are permitted to make custodial arrests of intoxicated persons"). Moreover, Brooks also fails to allege facts suggesting that he sustained any constitutionally significant injury as a result of being detained for twenty-one hours without a phone call to his family by police. Accordingly, Claim Three (a) will be DISMISSED for failure to state a claim.

In Claim Three (b), Brooks contends that Defendant Sweeney "denied Plaintiff medical treatment by refusing to notify the nurse that [he] was having heart conditions." (ECF No. 22, at 2.) To state a claim for denial of adequate medical care, a detainee must allege acts or omissions sufficiently harmful to show a "deliberate indifference to serious medical needs." *Martin*, 849 F.3d at 871 (quoting *Estelle*, 429 U.S. at 106). First, Brooks fails to provide any detail about what "having heart conditions" means and how these conditions amounted to a serious medical need requiring immediate medical attention. For this reason alone, Claim Three (b) fails. Moreover, even if the Court assumed that "having heart conditions," amounted to a serious medical need, Brooks fails to allege facts that plausibly suggest that Defendant Sweeney knew of and disregarded a substantial risk of serious harm to Brooks by not calling the nurse. *See Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (explaining that "to establish a claim of deliberate indifference to medical need, the need must be both apparent and serious, and the denial of attention must be deliberate and without legitimate penological objective" (citation omitted)). Brooks also does not allege facts indicating that he suffered any harm from Defendant Sweeney's failure to call the nurse during his twenty-one-hour detention. Rather, Brooks's desire to see the nurse, standing alone, fails to state a claim of denial of adequate medical care. *See Martin*, 849 F.2d at 871 (finding fourteen-hour delay in providing medical care for detainee

did not amount to due process violation when not presenting with serious medical needs at the time). Accordingly, Brooks fails to state a claim of constitutional dimension, and Claim Three (b) will be DISMISSED WITHOUT PREJUDICE.

### III.  CONCLUSION

For the foregoing reasons, Claims One and Three (a) will be DISMISSED for failure to state a claim. Claims Two and Three (b) will be DISMISSED WITHOUT PREJUDICE for failure to state a claim. The action will be DISMISSED. The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

Let the Clerk file a copy of this Memorandum Opinion electronically and send a copy to Brooks.

An appropriate Order shall issue.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Dated: November 18, 2020